A. J. WOODRUFF & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. January 13, 1896. On Rehearing, June 16, 1896.)

No. 1,078.

1. CUSTOMS DUTIES—DUTIABLE VALUE—ADDITION ENTRY—DEFINITENESS OF ADDITION.

In making an addition to the invoice value at the time of entry, in order to equal market value, as permitted by Customs Administrative Act June 10. 1890, c. 407, § 7, 26 Stat. .134 [U. S. Comp. St. 1901, p. 1893], the importer should state the added value with sufficient definiteness to enable the customs officers to ascertain its amount; but reference to an item,

without specifying its amount, is sufficient, if such amount is officially known to the customs officers.

2. SAME—PROTEST—SUFFICIENCY.

Importers protested against the action of a collector of customs in considering a certain amount as the entered value, and asserted that he had erred in failing to regard the fact that said amount included some nondutiable items. *Held,* that this statement of objections was sufficiently distinct and specific to satisfy the requirements of Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933].

3. JUDGMENT—REFORMATION—CORRECTION OF COMPUTATIONS.

A judgment may always be reformed for the purpose of correcting computations made under it, regardless of whether the term at which it was entered has ended.

On Application for Review of a Decision of the Board of United States General Appraisers.

The importers' appeal herefrom was dismissed for failure to docket. 89 Fed. 1021, 32 C. C. A. 613.

Stanley, Clarke & Smith (Stephen G. Clarke, of counsel), for importers.

Max J. Kohler, Asst. U. S. Atty.

WHEELER, District Judge. This importation of antiquities appears to have been purchased abroad to be delivered at the purchaser's residence in New York, free of all charges, for 14,500 francs. An invoice furnished to the purchaser showed this sum in gross. The consular invoice showed the prices to amount to 6,900 francs. To avoid penal duties, the purchaser, in making the entry, attached his invoice to the consular invoice with this indorsement:

"Add to make market value 7,100 francs, to agree with private invoice attached, which invoice, however, is expressly inclusive of all charges to the delivery of the goods at the private residence of the consignee."

The articles were appraised at 10,150 francs; but duties were assessed upon them at 14,000 francs as the entered value. Compulsion by duress of goods, about adding the private invoice to the entry, is claimed, but was not found by the Board of General Appraisers; and no reason appears for disturbing their finding in this respect.

The purchaser had the right to "make such addition in the entry to the cost or value given in the invoice * * * as in his opinion" might "raise the same to the actual market value or wholesale price of such merchandise at the time of exportation to the United States, in the principal markets of the country from which the same has been imported." The collector was required by law to cause the articles to be appraised for dutiable value, and to add penal duties if the appraised value should exceed by more than 10 per cent. the entered value; but the duty could not, "however, be assessed * * * upon an amount less than the invoice or entered value," nor below the appraised value. Section 7, Customs Administrative Act 1890. The invoice value was, according to the appraisal, a gross undervaluation; and penal duties would accrue unless prevented by the entered value. This value, to be an entered value, would have to be entered in such definite terms that the amount of it could be ascertained by the custom house officers. An entry of such an addition, without naming the amount, as would

make a sum equal to what the appraised value should be, or of an indefinite sum in any mode, would not comply with the statute. This addition was of 7,100 francs, subject to reduction for charges, which would include import duties, for bringing the goods to the importer's residence. If these charges had been specified in amount, the addition would have been of 7,100 francs less such charges; and such charges as would be definitely known by the custom house officers in their official capacity might be considered as so specified. Shipping and insurance charges would not appear to be so officially known. How the appraiser knew them is not shown. Lawful duties at the regular rate would be exactly ascertainable on the appraisal; and they appear to have been so ascertained at $1,559.40 by the appraiser. This was a definite sum, which might be added to, but would not be less, and could safely be deducted from 7,100 francs in ascertaining the amount to be added to 6,900 francs for making market value. This would probably leave a sum so small as, when added to the invoice value, would leave it much more than 10 per cent. below the appraised value. Then 2 per cent. of the appraised value on each 1 per cent. of this excess would have to be added as a penal duty to the regular duties computed on the appraised value to make the total duty. This penal duty could not be ascertained till after the deduction from 7,100 francs should be made, and would be too remote and uncertain to be used for making any further reduction by. Neither protest points to a total duty so ascertained as the proper duty, but one of them sets forth a claim that duty should only be assessed upon the value of the goods as returned by the appraiser, and that the—

exaction of duty on 14,000 francs, without regard to the notation * * * upon the invoice and entry that the addition to make market value, 7,100 francs, included all freights, customs duty, and charges to the time of delivery * * * at the residence of the owner, is illegal.

The customs administrative act requires only that the protest shall set forth "distinctly and specifically" the "objections" to the decision. Section 14. This protest seems to well set forth an objection to disregarding the qualifications made to the addition of 7,100 francs for entered value. The amount directed to be added to make market value was not 7,100 francs, but that sum less the charges which the customs officers would officially have known of; and this amount of regular duty on the appraised value they would so know of, and know that it could not be lessened, and might safely be deducted from the 7,100 francs in finding the sum to be added; and that seems to be the only one. The qualification, so far as it could be carried out, was as much a part of the addition as the sum named to be qualified. As it could have been carried out to this extent, and was not, and as that omission was directly protested against, the judgment should, as now considered, be reversed.

Judgment reversed.

### On Rehearing.

The consular invoice value was 6,900 francs, and the appraised value 10,150 francs. The importer added 7,100 francs, "inclusive of all charges," to make market value, and duties were assessed upon 14,-000 francs as the entered value. On appeal, in last term, this court

entered judgment that to the invoice value of 6,900 francs should be added to make market value 7,100 francs, "after $1,559.40, reduced to francs, have been deducted from said 7,100 francs," and for penal duties, if this should be more than 10 per cent. below the appraised value. This $1,559.40 makes 8,079.78 francs, which more than exhausts the 7,100 francs and leaves nothing to add for market value. Now, a computation has been submitted, in effect subtracting the excess, 979.78 francs, from the consular invoice value, leaving 5,920.22 francs as the entered value, which is 71 per cent. below the appraised value, making the penal duty $2,781.78. The importers move for a reformation of the judgment, which is objected to because made after the term. Although generally the judgments of the federal courts must stand as left at the term when rendered, as section 15 of the customs administrative act provides that they shall be deemed always open for its purposes, perhaps judgments under that act can be corrected at any time before they are fully made up and entered. 26 Stat. 138. But this judgment, so far as made up, seems to be correct, and needs only to be followed in making computations under it, which may always be done until it is complete. That the $1,559.40 charges was greater than the 7,100 francs from which it was directed to be deducted was not noticed, and the direction was superfluous, and should not have been made; but it did not direct that the excess should be subtracted from the sum to which the expected remainder was to be added. The importer did not by his attempt succeed in adding anything to the invoice value to make market value; and he did not, nor attempt to, take anything from it. The act provides that the duty shall not be assessed upon an amount less than the invoice value, and the collector had no right to lessen that. Section 7, Customs Administrative Act 1890, § 7, 26 Stat. 135.

The duties should therefore, under the judgment entered, be computed upon the appraised value, with such penal duties as may arise upon the actual difference between that and 6,900 francs, the consular invoice value, and upon no more.